UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

MARIO R. TELLIS,

    Plaintiff,

    v.                               CAUSE NO. 1:23-CV-276-HAB-SLC

TROY HERSHBERGER and CHAD RAY,

    Defendants.

OPINION AND ORDER

Mario R. Tellis, a prisoner without a lawyer, filed a complaint from the Allen County Jail, raising concerns about the conditions of confinement there. ECF 1. Soon after he filed this complaint, he was transferred into the custody of the Indiana Department of Correction to serve his sentence, so he is no longer subject to these conditions at the jail. ECF 5, 8. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Tellis alleges that he was booked into the Allen County Jail in 2022, and at first he was housed in the new side of the jail. But in April 2023, Shift Command Chad Ray

moved him to D Block in the old side of the jail. Tellis alleges Ray houses inmates where space is available, without taking classification concerns or safe conditions into account.

Tellis contends that D Block was unsuitable to live in because it was infested with spiders and the shower door was so rusty, it was falling apart. Tellis alleges that he had to sleep in cells with a spider infestation; at one point, he counted more than 20 spiders in his cell. He continues that the shower door was so rusty that it was falling apart, and every time he showered, he would get small cuts on his fingers. He alleges these conditions stressed him out to the point that he had suicidal thoughts. He sues Allen County Sheriff Troy Hershberger and Shift Command Chad Ray for damages.

As a pretrial detainee, Tellis' claims are analyzed under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). But the Fourteenth Amendment "prohibits holding pretrial detainees in conditions that amount to punishment." *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017). Inmates must be provided with "the minimal civilized measure of life's necessities," which includes "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019). They must also be reasonably protected from a substantial risk of serious harm. *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022).

A pretrial detainee states a valid Fourteenth Amendment claim by alleging that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly" with

respect to those conditions, and (2) the defendant's conduct was "objectively unreasonable." *Miranda*, 900 F.3d at 353–54. "A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). In determining whether a challenged condition is reasonable or whether it amounts to punishment, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). Of note, "negligent conduct does not offend the Due Process Clause," and thus allegations of negligence, even gross negligence, do not state a Fourteenth Amendment claim. *Miranda*, 900 F.3d at 353.

      The conditions Tellis complains of do not state a Fourteenth Amendment claim. Pest infestations, like the spider problem alleged here, can become a constitutional violation if they present a substantial risk of harm to the inmate, by, for example, raising sanitation concerns or physically harming the inmate. But Tellis provides little detail about how the spider infestation affected him, beyond the understandable disgust at seeing them. *See, e.g., Smith v. Dart*, 803 F.3d 304, 312 (7th Cir. 2015) ("[A]lthough he alleged that mice and cockroaches are present in the jail, he did not allege facts from which one could infer that the degree of infestation rose to the level of constitutional concern"). Moreover, Tellis does not allege either of the defendants was aware of the spiders in his cell, so it cannot be plausibly inferred that either defendant responded unreasonably to the infestation.

As for the rusty shower door, that, too, does not present a substantial risk of harm to Tellis. Although getting cut by rusty metal *can* present a risk of harm, Tellis does not allege any of the small cuts grew into a more serious medical issue, and he is no longer at the jail, subject to any danger the shower door might present.

This complaint does not state a claim for which relief can be granted. If Tellis believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Mario R. Tellis until **March 27, 2024**, to file an amended complaint; and

(2) CAUTIONS Mario R. Tellis if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on February 23, 2024.

                                                  s/Holly A. Brady_____  
                                                  CHIEF JUDGE  
                                                  UNITED STATES DISTRICT COURT